1  STEPHANIE M. HINDS (CABN 154284)
   United States Attorney
2
   MICHELLE LO (NYBN 4325163)
3  Chief, Civil Division

4  SHIWON CHOE (CABN 320041)
   Assistant United States Attorney
5
        450 Golden Gate Avenue, Box 36055
6       San Francisco, California 94102-3495
        Telephone: (415) 436-6967
7       Facsimile: (415) 436-6748
        shiwon.choe@usdoj.gov
8
   Attorneys for the United States of America
9

10                UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                 SAN FRANCISCO DIVISION

13  IN RE: REQUEST FOR JUDICIAL          )  Case No. 3:22-mc-80076
    ASSISTANCE FROM PECHERSKYI           )
14  DISTRICT COURT IN KYIV, UKRAINE, IN  )
    THE MATTER OF OLEKSANDR              )  **DECLARATION OF SHIWON CHOE**
15  YURIIOVYCH KARDAKOV V.               )
    KOSTIANTYN HEORHIIOVYCH KORSUN       )
16  _____ )

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to 28 U.S.C. § 1746, I, Shiwon Choe, declare as follows:

1.      I am an Assistant United States Attorney in the Office of the United States Attorney for the Northern District of California, counsel for the United States of America.  I make this declaration upon information and belief based upon the attached exhibits and communications with personnel in the U.S. Department of Justice, to which a Letter of Request has been transmitted for execution.  I make this declaration in support of the United States' request, pursuant to 28 U.S.C. § 1782(a), for an Order appointing me Commissioner for the purpose of obtaining information from Cloudflare, Inc. ("Cloudflare").

2.      In connection with a judicial proceeding in the Pecherskyi District Court in Kyiv, Ukraine ("Ukrainian Court"), captioned *Oleksandr Yuriiovych Kardakov v. Kostiantyn Heorhiiovych Korsun*, Reference Number 12-64-22, the Ukrainian Court issued a Letter of Request seeking information from Cloudflare, Inc. ("Cloudflare").  The Letter of Request was transmitted to the U.S. Department of Justice, Civil Division, Office of Foreign Litigation, Office of International Judicial Assistance ("OIJA") in Washington, D.C.  The request was then transmitted to the U.S. Attorney's Office for the Northern District of California.  A true and correct copy of the Letter of Request from the Ukrainian Court is attached hereto as Exhibit 1.

3.      The specific information requested by the Ukrainian Court is reflected in a subpoena addressed to Cloudflare, which the United States intends to serve (in substantially similar format) upon my appointment as Commissioner.  A true and correct copy of the proposed subpoena is attached hereto as Exhibit 2.

4.      On March 10, 2022, I contacted Cloudflare via its dedicated email address for such requests, abuse+law@cloudflare.com; sent Cloudflare the Letter of Request; and asked whether Cloudflare would voluntarily produce the requested information.  A true and correct copy of that email (with attachments omitted) is attached hereto as Exhibit 3.

5.      On March 11, 2022, a representative of Cloudflare named Justin contacted me through the abuse+law@cloudflare.com email address and stated that, based on Cloudflare's policies, "non-public information about Cloudflare customers is not released except as lawfully required by appropriate legal process, such as a subpoena, court order, or other valid legal process."  A true and correct copy of

DECL. OF SHIWON CHOE
No. 3:22-mc-80076                                    1

that e-mail is attached hereto as Exhibit 4.

6.      On March 14, 2022, I contacted Cloudflare via the abuse+law@cloudflare.com and Richard Leaning, Cloudflare's Trust and Safety Director of Outreach, and asked if Cloudflare could confirm whether or not it had the requested information and where any subpoena for the information should be directed, including whether Cloudflare would accept service of a subpoena via email.  A true and correct copy of that email (with attachments omitted) is attached hereto as Exhibit 5.

7.      On March 14, 2022, a representative of Cloudflare named Justin contacted me through the abuse+law@cloudflare.com email address and stated that "Cloudflare would subscriber [sic] information about the website owner" and that Cloudflare would accept service of a subpoena via email at abuse+law@cloudflare.com.  A true and correct copy of that email is attached hereto as Exhibit 6.

8.      To assist the Ukrainian Court in obtaining the requested information, I respectfully request that this Court enter the proposed Order attached to the Application appointing me Commissioner.

9.      To the best of my knowledge, no previous Application for the relief sought herein has been made.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 21st day of March 2022.


_s/Shiwon Choe_____
SHIWON CHOE

EXHIBIT 1



**МІНІСТЕРСТВО ЮСТИЦІЇ
УКРАЇНИ**
Мін'юст
вул. Архітектора Городецького, 13, м.
Київ, 01001
тел.: (044) 364-23-93, факс: (044) 271-17-83
E-mail: callcentre@minjust.gov.ua,
themis@minjust.gov.ua,
Web: http://www.minjust.gov.ua,
код згідно з ЄДРПОУ 00015622

**Office of International Judicial
Assistance
U.S. Department of Justice
1100 L Street, NW, Room 8102
Washington, D.C. 20005
United States of America**

**12-64-22**

*RE: Convention of 18 March 1970 on Taking of Evidence Abroad in Civil or
Commercial Matters.*

Under the above-mentioned Convention, please, find enclosed the court request to obtain information and documents concerning **CloudFlare, Inc**.

Please, inform our Ministry on results of consideration of the request referring to our number 12-64-22.

Please, be informed that for the period of quarantine the letters of our Ministry are performed in e-form and signed with the qualified electronic signature, which by its legal validity is equivalent to the handwritten signature according to the Law of Ukraine «On Electronic Trust Services».

Enclosure: on 18 pages.

**Deputy Head of the
International Legal Assistance
in Civil Matters Unit of the
International Law Directorate**

**Tetyana Ryabets**



FEB 15 2022
CIV-189-287-22-2



СЕД АСКОД
Міністерства юстиції України
№ 7621/164768-32-21/12.3.1 від 21.01.2022
Підписувач Рябець Тетяна Володимирівна

Додаток 11
до Інструкції про порядок виконання
міжнародних договорів з питань надання
правової допомоги в цивільних справах щодо
вручення документів, отримання доказів та
визнання і виконання судових рішень

**ЗАПИТ**
**про міжнародну правову допомогу**
**REQUEST**
**for international legal assistance**

відповідно до Гаазької Конвенції про отримання за кордоном доказів у цивільних або комерційних справах від 18 березня 1970 року
pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters

| 1 | Запитуючий орган<br>Sender | Печерський районний суд міста Києва; адреса: вулиця Володимирська, 15, 01601, м. Києв/ Pecherskyi district Court of Kyiv; address: Volodymyrska Street, 15, 01601, Kyiv, Ukraine |
| | | *(найменування і адреса)* |
| 2 | Центральний орган запитуваної Сторони<br>Central Authority of the Requested State | Office of International Judicial Assistance<br>U.S. Department of Justice<br>1100 L Street, NW, Room 8102<br>Washington, D.C. 20005<br>United States of America |
| | | *(найменування і адреса)* |
| 3 | Особа, якій необхідно повернути матеріали після виконання Запиту<br>Person to whom the executed request is to be returned | Печерський районний суд міста Києва; адреса: вулиця Володимирська, 15, 01601, м. Києв/ Pecherskyi district Court of Kyiv; address: Volodymyrska Street, 15, 01601, Kyiv, Ukraine |
| | | *(повне ім'я і адреса)* |
| 4 | Визначення дати, до якої запитуючий орган потребує одержати відповідь на Запит<br>Specification of the date by which the requesting authority requires receipt of the response to the Request | |
| | Дата/Date | |
| | Причини термінової потреби*<br>Reason for urgency | |
| | ВІДПОВІДНО ДО СТАТТІ 3 КОНВЕНЦІЇ ЗАПИТУЮЧИЙ ОРГАН МАЄ ЧЕСТЬ ЗВЕРНУТИСЯ З ТАКИМ ЗАПИТОМ:<br>IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST: | |

| 5 a | Запитуючий орган (пункт „а" статті 3) Requesting judicial authority (article 3,a) | Печерський районний суд міста Києва; адреса: вулиця Володимирська, 15, 01601, м. Київ/ Pecherskyi district Court of Kyiv; address: Volodymyrska Street, 15, 01601, Kyiv, Ukraine |

Продовження додатка 11

| b | до компетентного органу (пункт „а" статті 3)<br>to the competent authority of (article 3,a) | Office of International Judicial Assistance<br>U.S. Department of Justice<br>1100 L Street, NW, Room 8102<br>Washington, D.C. 20005<br>United States of America |
|---|---|---|

| | | *(запитувана держава)* |
|---|---|---|
| c | Назва і номер справи<br>Name of the case and any identifying number | Справа № 757/30109/21-ц за позовом Кардакова Олександра Юрійовича до Корсун Костянтина Георгійовича про захист честі, гідності, ділової репутації, спростування недостовірної інформації, стягнення моральної шкоди<br><br>Case №757/30109/21-ц following the claim filed by Oleksandr Yuriiovych Kardakov against Kostiantyn Heorhiiovych Korsun for the protection of honour, dignity and business reputation, refuting the false information, recovery of non-pecuniary damages |
| | | |
| | | |
| 6 | Повне ім'я і адреси сторін та їхніх представників (включаючи представників у запитуваній Державі*) (пункт „b" статті 3)<br>Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3.b) | |
| a | Позивач<br>Plaintiff | Кардаков Олександр IОрійович/Kardakov Oleksandr Yuriiovych |
| | | |
| | Представники<br>Representatives | Адвокат Сергій Котов (посвідчення адвоката №3978/10 від 21 травня 2009 року) «Адвокатське бюро Тетяни Андріанової» (Україна, 03057, м. Київ, вул. Смоленська, 31-33)<br><br>Attorney Serhii Kotov (certificate of attorney No. 3978/10 dated May 21, 2009) "Tatiana Andrianova Attorney agency" (Ukraine, 03057, Kyiv, Smolenskaya st., 31-33) |
| | | |
| b | Відповідач<br>Defendant | Корсун Костянтин Георгійович/Korsun Kostiantyn Heorhiiovych |
| | | |
| | Представники<br>Representatives | |
| | | |
| c | Інші сторони<br>Other parties | |

| | | | |
|---|---|---|---|
| | Представники<br>Representatives | | |
| | | | |
| | | | |
| 7 a | Суть справи (розлучення, батьківство, порушення зобов'язання, відповідальність виробника тощо) (пункт „с" статті 3)<br>Nature of the proceedings (article 3,c) | про захист честі, гідності, ділової репутації, спростування недостовірної інформації, стягнення моральної шкоди<br><br>for the protection of honour, dignity and business reputation, refuting the false information, recovery of non-pecuniary damages | |
| | | | |
| | | | |
| b | Короткий виклад позовних вимог<br>Summary of complaint | | |
| | | | |
| | | | |
| | | | |
| | | | |
| | | | |

Продовження додатка 11

| | | |
|---|---|---|
| c | Короткий виклад заперечення на позов та зустрічного позову<br>Summary of defense and counterclaim | |
| d* | Інша інформація або документи<br>Other necessary information or documents | |
| 8 a | Запитувані докази або інші процесуальні дії (пункт „d" статті 3)<br>Evidence to be obtained or other judicial act to be performed (article 3,d) | дані про реєстранта доменного імені ord-ua.com, та про власника облікового запису, який використовується для розміщення веб-сайту https://www.ord-ua.com/ в Інтернеті, зокрема: прізвище, ім`я, місце реєстрації та проживання, телефон, e-mail - у випадку, якщо реєстрант/власник фізична особа або найменування юридичної особи, код ЄДРПОУ, її місцезнаходження, телефон, e-mail - у випадку, якщо реєстрант/власник юридична особа<br><br>the data on the registrant of domain name ord-ua.com, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular: last name, first name, place of registration and residence, telephone, e-mail if the registrant/owner is an individual, or name of a legal entity, USREOU code, its location, telephone, e-mail if the registrant/owner is a legal entity |
| b | Призначення запитуваних доказів або процесуальної дії<br>Purpose of the evidence or judicial ant sought | |
| 9* | Повне ім'я і адреса будь-якої особи, яку слід опитати (пункт „e" статті 3)<br>Identity and address of any person to be examined (article 3.e) | CloudFlare, Inc. (101 Townsend Street, San Francisco, CA 94107, US) |

| | | |
|---|---|---|
| 10* | Запитання, які слід поставити особам, або факти справи, щодо яких їх слід опитати (пункт „f" статті 3)<br>Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3.f) | дані про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайту https://www.ord-ua.com/ на спеціалізованому веб-сервері та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://www.ord-ua.com/ в Інтернеті, зокрема прізвище, ім`я, місце реєстрації та проживання, телефон, e-mail (щодо фізичної особи) або найменування юридичної особи, код ЄДРПОУ, її місцезнаходження, телефон, e-mail (щодо юридичної особи);<br><br>the data on the recipient of hosting services for placing the software of the website https://www.ord-ua.com/ on the specialized web server and ensuring access thereto on the Internet, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular, last name, first name, place of registration and residence, telephone, e-mail (for an individual) or name of a legal entity, USREOU code, its location, telephone, e-mail (for a legal entity);<br><br>*(або зазначити: «див. список, що додається»)* |
| 11* | Документи або інше майно, які слід дослідити (пункт „g" статті 3)<br>Documents or other property to be inspected (article 3.g) | |
| 12* | Будь-які вимоги щодо особливої форми одержання свідчень (пункт „h" статті 3)[1]<br>Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3.h) | |

---

[1] *На випадок, якщо докази неможливо отримати запитуваним способом, слід зазначати, чи слід їх*

Продовження додатка 11

| 13* | Спеціальний спосіб або процедура, якої слід дотримуватися (як-то усний чи письмовий аудіозапис, дослівний запис або короткий виклад відповідей, перехресний допит тощо) (пункт „і" статті 3, стаття 9)[2] <br> Special methods or procedure to be followed (articles 3.i and 9) | короткий письмовий виклад відповідей/ short written statement of answers |
|---|---|---|
| 14* | Прохання повідомити про час і місце виконання Запиту, повне ім'я і адреси осіб, яким це слід повідомити (стаття 7) <br> Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7) | |
| 15* | Прохання про присутність або участь представників запитуючого органу при виконанні Запиту (стаття 8) <br> Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Request (article 8) | |
| 16* | Інформація про право або обов'язок відмовитися від надання свідчень чи доказів, передбачений законодавством України (пункт „b"статті 11) <br> Specification of privilege or duty to refuse to give evidence under the law of Ukraine (article 11.b) | *(слід додати копію відповідних норм закону)* |
| 17* | Витрати та інші кошти, які можуть бути відшкодовані відповідно до пункту 2 статті 14 або до статті 26 Конвенції, будуть сплачені особою/органом: <br> The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | *(дані про особу та адреса)* |
| | ДАТА ЗАПИТУ <br> DATE OF REQUEST | 02. 09. 2021 |
| | ПІДПИС І ПЕЧАТКА ЗАПИТУЮЧОГО ОРГАНУ <br> SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | |

Додаток 11
до Інструкції про порядок виконання
міжнародних договорів з питань надання
правової допомоги в цивільних справах щодо
вручення документів, отримання доказів та
визнання і виконання судових рішень

**ЗАПИТ**
**про міжнародну правову допомогу**
**REQUEST**
**for international legal assistance**

**відповідно до Гаазької Конвенції про отримання за кордоном доказів у цивільних або комерційних справах від 18 березня 1970 року**
**pursuant to the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters**

| 1 | Запитуючий орган<br>Sender | Печерський районний суд міста Києва; адреса: вулиця Володимирська, 15, 01601, м. Київ/ Pecherskyi district Court of Kyiv; address: Volodymyrska Street, 15, 01601, Kyiv, Ukraine |
| | | *(найменування і адреса)* |
| 2 | Центральний орган запитуваної Сторони<br>Central Authority of the Requested State | Office of International Judicial Assistance<br>U.S. Department of Justice<br>1100 L Street, NW, Room 8102<br>Washington, D.C. 20005<br>United States of America |
| | | *(найменування і адреса)* |
| 3 | Особа, якій необхідно повернути матеріали після виконання Запиту<br>Person to whom the executed request is to be returned | Печерський районний суд міста Києва; адреса: вулиця Володимирська, 15, 01601, м. Київ/ Pecherskyi district Court of Kyiv; address: Volodymyrska Street, 15, 01601, Kyiv, Ukraine |
| | | *(повне ім'я і адреса)* |
| 4 | Визначення дати, до якої запитуючий орган потребує одержати відповідь на Запит<br>Specification of the date by which the requesting authority requires receipt of the response to the Request | |
| | Дата/Date | |
| | Причини термінової потреби*<br>Reason for urgency | |
| | ВІДПОВІДНО ДО СТАТТІ 3 КОНВЕНЦІЇ ЗАПИТУЮЧИЙ ОРГАН МАЄ ЧЕСТЬ ЗВЕРНУТИСЯ З ТАКИМ ЗАПИТОМ:<br>IN CONFORMITY WITH ARTICLE 3 OF THE CONVENTION, THE UNDERSIGNED APPLICANT HAS THE HONOUR TO SUBMIT THE FOLLOWING REQUEST: | |

| 5 a | Запитуючий орган (пункт „а" статті 3) <br> Requesting judicial authority (article 3,a) | Печерський районний суд міста Києва; адреса: вулиця Володимирська, 15, 01601, м. Київ/ Pecherskyi district Court of Kyiv; address: Volodymyrska Street, 15, 01601, Kyiv, Ukraine |

| | | Продовження додатка 11 |
|---|---|---|
| b | до компетентного органу (пункт „а" статті 3)<br>to the competent authority  of (article 3,a) | Office of International Judicial Assistance<br>U.S. Department of Justice<br>1100 L Street, NW, Room 8102<br>Washington, D.C. 20005<br>United States of America |

| | | *(запитувана держава)* |
|---|---|---|
| c | Назва і номер справи<br>Name of the case and any identifying number | Справа № 757/30109/21-ц за позовом Кардакова Олександра Юрійовича до Корсун Костянтина Георгійовича про захист честі, гідності, ділової репутації, спростування недостовірної інформації, стягнення моральної шкоди<br><br>Case №757/30109/21-ц following the claim filed by Oleksandr Yuriiovych Kardakov against Kostiantyn Heorhiiovych Korsun for the protection of honour, dignity and business reputation, refuting the false information, recovery of non-pecuniary damages |
| | | |
| | | |
| | | |
| 6 | Повне ім'я і адреси сторін та їхніх представників (включаючи представників у запитуваній Державі*) (пункт „b" статті 3)<br>Names and addresses of the parties and their representatives (including representatives in the requested State) (article 3.b) | |
| a | Позивач<br>Plaintiff | Кардаков Олександр Юрійович/Kardakov Oleksandr Yuriiovych |
| | | |
| | Представники<br>Representatives | Адвокат Сергій Котов (посвідчення адвоката №3978/10 від 21 травня 2009 року) «Адвокатське бюро Тетяни Андріанової» (Україна, 03057, м. Київ, вул. Смоленська, 31-33)<br><br>Attorney Serhii Kotov (certificate of attorney No. 3978/10 dated May 21, 2009) "Tatiana Andrianova Attorney agency" (Ukraine, 03057, Kyiv, Smolenskaya st., 31-33) |
| | | |
| b | Відповідач<br>Defendant | Корсун Костянтин Георгійович/Korsun Kostiantyn Heorhiiovych |
| | | |
| | Представники<br>Representatives | |
| | | |
| | | |
| c | Інші сторони<br>Other parties | |

| | Представники<br>Representatives | |
|---|---|---|
| | | |
| | | |
| 7 a | Суть справи (розлучення, батьківство,<br>порушення зобов'язання, відповідальність<br>виробника тощо) (пункт „с" статті 3)<br>Nature of the proceedings  (article 3,c) | про захист честі, гідності, ділової репутації, спростування недостовірної інформації, стягнення моральної шкоди<br><br>for the protection of honour, dignity and business reputation, refuting the false information, recovery of non-pecuniary damages |
| | | |
| | | |
| b | Короткий виклад позовних вимог<br>Summary of complaint | |
| | | |
| | | |
| | | |
| | | |

Продовження додатка 11

| | | |
|---|---|---|
| c | Короткий виклад заперечення на позов та зустрічного позову<br>Summary of defense and counterclaim | |
| d* | Інша інформація або документи<br>Other necessary information or documents | |
| 8 a | Запитувані докази або інші процесуальні дії (пункт „d" статті 3)<br>Evidence to be obtained or other judicial act to be performed (article 3,d) | дані про реєстранта доменного імені ord-ua.com, та про власника облікового запису, який використовується для розміщення веб-сайту https://www.ord-ua.com/ в Інтернеті, зокрема: прізвище, ім`я, місце реєстрації та проживання, телефон, e-mail - у випадку, якщо реєстрант/власник фізична особа або найменування юридичної особи, код ЄДРПОУ, її місцезнаходження, телефон, e-mail - у випадку, якщо реєстрант/власник юридична особа<br><br>the data on the registrant of domain name ord-ua.com, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular: last name, first name, place of registration and residence, telephone, e-mail if the registrant/owner is an individual, or name of a legal entity, USREOU code, its location, telephone, e-mail if the registrant/owner is a legal entity |
| b | Призначення запитуваних доказів або процесуальної дії<br>Purpose of the evidence or judicial ant sought | |
| 9* | Повне ім'я і адреса будь-якої особи, яку слід опитати (пункт „е" статті 3)<br>Identity and address of any person to be examined (article 3.e) | CloudFlare, Inc. (101 Townsend Street, San Francisco, CA 94107, US) |

| 10* | Запитання, які слід поставити особам, або факти справи, щодо яких їх слід опитати (пункт „f" статті 3)<br><br>Questions to be put to the persons to be examined or statement of the subject-matter about which they are to be examined (article 3.f) | дані про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайту https://www.ord-ua.com/ на спеціалізованому веб-сервері та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://www.ord-ua.com/ в Інтернеті, зокрема прізвище, ім`я, місце реєстрації та проживання, телефон, e-mail (щодо фізичної особи) або найменування юридичної особи, код ЄДРПОУ, її місцезнаходження, телефон, e-mail (щодо юридичної особи);<br><br>the data on the recipient of hosting services for placing the software of the website https://www.ord-ua.com/ on the specialized web server and ensuring access thereto on the Internet, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular, last name, first name, place of registration and residence, telephone, e-mail (for an individual) or name of a legal entity, USREOU code, its location, telephone, e-mail (for a legal entity); |
| | | *(або зазначити: «див. список, що додається»)* |
| | | |
| | | |
| | | |
| | | |
| | | |
| 11* | Документи або інше майно, які слід дослідити (пункт „g" статті 3)<br><br>Documents or other property to be inspected (article 3.g) | |
| 12* | Будь-які вимоги щодо особливої форми одержання свідчень (пункт „h" статті 3)[1]<br><br>Any requirement that the evidence be given on oath or affirmation and any special form to be used (article 3.h) | |

---

[1] *На випадок, якщо докази неможливо отримати запитуваним способом, слід зазначити, чи слід їх*

Продовження додатка ІІ

| 13* | Спеціальний спосіб або процедура, якої слід дотримуватися (як-то усний чи письмовий аудіозапис, дослівний запис або короткий виклад відповідей, перехресний допит тощо) (пункт „і" статті 3, стаття 9)[2]<br>Special methods or procedure to be followed (articles 3.i and 9) | короткий письмовий виклад відповідей/ short written statement of answers |
|---|---|---|
| 14* | Прохання повідомити про час і місце виконання Запиту, повне ім'я і адреси осіб, яким це слід повідомити (стаття 7)<br>Request for notification of the time and place for the execution of the Request and identity and address of any person to be notified (article 7) | |
| 15* | Прохання про присутність або участь представників запитуючого органу при виконанні Запиту (стаття 8)<br>Request for attendance or participation of judicial personnel of the requesting authority at the execution of the Request (article 8) | |
| 16* | Інформація про право або обов'язок відмовитися від надання свідчень чи доказів, передбачений законодавством України (пункт „b"статті 11)<br>Specification of privilege or duty to refuse to give evidence under the law of Ukraine (article 11.b) | *(слід додати копію відповідних норм закону)* |
| 17* | Витрати та інші кошти, які можуть бути відшкодовані відповідно до пункту 2 статті 14 або до статті 26 Конвенції, будуть сплачені особою/органом:<br>The fees and costs incurred which are reimbursable under the second paragraph of article 14 or under article 26 of the Convention will be borne by: | *(дані про особу та адреса)* |
| | ДАТА ЗАПИТУ<br>DATE OF REQUEST | 02.09.2021 |
| | ПІДПИС І ПЕЧАТКА ЗАПИТУЮЧОГО ОРГАНУ<br>SIGNATURE AND SEAL OF THE REQUESTING AUTHORITY | |

reputation, refuting the false information, recovery of non-pecuniary damages, namely:

- from hosting provider of the website https://www.ord-ua.com CloudFlare, Inc. (101 Townsend Street, San Francisco, CA 94107, US) the data on the recipient of hosting services for placing the software of the website https://www.ord-ua.com/ on the specialized web server and ensuring access thereto on the Internet, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular, last name, first name, place of registration and residence, telephone, e-mail (for an individual) or name of a legal entity, EDRPOU code, its location, telephone, e-mail (for a legal entity);

A copy of the ruling shall be sent for review to all participants in the case.

The appeal against the court ruling shall be filed with Kyiv Court of Appeal through Pecherskyi District Court of Kyiv within fifteen days after the ruling is promulgated.

Judge     /signature/                                                                                          S.Ya. Volkova

*/Stamp: True copy*
*Judge /signature/ S.Ya. Volkova*
*Assistant judge /signature/ A.I. Topal/*

*/Official round seal: PECHERSKYI*
*DISTRICT COURT OF KYIV ***
*UKRAINE * Identification code*
*02896745/*

*/Stamp: True copy*
*(executed based on the case file/executed from the Automated*
*Court Document Management System)*
*as of 20/09/2021*
*decision (ruling, resolution, sentence)*
*Judge /signature/ S.Ya. Volkova*
*Secretary /signature/ A.I. Topal/*
*22/09/2021/*

*/Official round seal:*
*PECHERSKYI DISTRICT*
*COURT OF KYIV ***
*UKRAINE * Identification*
*code 02896745/*

*Sticker:*

Bound, numbered and sealed with the

official seal on _____2_____ sheets

Judge       _/signature/_   S.Ya. Volkova

Secretary   _/signature/_   A.I. Topal/

*/Official round seal: PECHERSKYI
DISTRICT COURT OF KYIV * UKRAINE
* Identification code 02896745/*

| Apostille (Convention de La Haye du 5 octobre 1961) | | | |
|---|---|---|---|
| 1. Country: | | Ukraine | |
| This public document | | | |
| 2. has been signed by | S.Ya. Volkova | | |
| 3. acting in the capacity of | judge | | |
| 4. bears the seal/stamp of | Pecherskyi District Court of Kyiv | | |
| Certified | | | |
| 5. at | Kyiv | 6. the | 29/09/2021 |
| 7. by | D.A. Datsenko. Head of the Sector, the Ministry of Justice of Ukraine | | |
| 8. No. | 2860263 | | |
| 9. Seal/stamp | | | 10. Signature |
| Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine | | | /signature/ |

*/Official round seal: Ministry of Justice of Ukraine * For Apostilles * No. 26087820/*

---

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

---

Sticker:

> The total of 3 (three) sheets have been
> stitched, numbered and sealed.
>
> Chief Specialist of Solomianskyi District State Civil
> Registration Office in Kyiv of the Central Interregional
> Department of the Ministry of Justice (Kyiv)
> *06/10/2021      /signature/*                      I.A. Sosiura

*/Official round seal: Ministry of Justice of Ukraine * For
Apostilles * No. 26087820/*

Переклад тексту цього документа з української мови на англійську мову зроблено мною, перекладачем Захаренко-Марійчук Євгенією Олександрівною.

Перекладач _____ Захаренко-Марійчук Євгенія Олександрівна

Місто

**Київ , Україна. Тринадцятого жовтня дві тисячі двадцять першого року.**

Я, Литвина Л.О., приватний нотаріус Київського міського нотаріального округу, засвідчую справжність підпису перекладача **Захаренко-Марійчук Євгенії Олександрівни** який зроблено у моїй присутності. Особу перекладача встановлено, його дієздатність та кваліфікацію перевірено.

*Зареєстровано в реєстрі за №_____54673_____*

*Приватний нотаріус _____ Л.О. Литвина*



| | |
|---|---|
| **Apostille**<br>**Апостиль**<br>**(Convention de La Haye du 5 octobre 1961**<br>**Гаазька Конвенція від 5 жовтня 1961 року)** | |
| 1. Країна: | Україна |
| Цей офіційний документ | |
| 2. підписаний | Литвина Л.О. |
| 3. у якості | приватного нотаріуса |
| 4. містить проставлену печатку / штамп | приватного нотаріуса Київського міського нотаріального округу |
| Підтверджено | |
| 5. в | м. Києві |
| 6. дата | 26.10.2021 |
| 7. ким | головним спеціалістом Міністерства юстиції України Мельничук В.В. |
| 8. за № | 2890561 |
| 9. Печатка / штамп | 10. Підпис |
| Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України | |

Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України.
Проставлено електронно-цифровий підпис посадової особи Міністерства юстиції України
та містить візуальне зображення зразка підпису цієї особи.

Для перевірки видачі апостилю, див. www.apostille.minjust.gov.ua

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and
accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

Signé (timbré) en version numérique et digitale par le Ministère de la Justice de l'Ukraine.
Signé en version numérique et digitale par le fonctionnaire du Ministère de la Justice de l'Ukraine
et accompagné de l'image de sa signature

Cette Apostille peut être vérifiée à l'adresse suivante: www.apostille.minjust.gov.ua





# ПЕЧЕРСЬКИЙ РАЙОННИЙ СУД МІСТА КИЄВА

Справа № 757/30109/21-ц

**У Х В А Л А**

02 вересня 2021 року Печерський районний суд м. Києва в складі:

Головуючого судді          -          Волкова С.Я.
секретаря                          -          Зінченко М.М.

розглянувши у відкритому судовому засіданні в м. Києві цивільну справу за позовом Кардакова Олександра Юрійовича до Корсун Костянтина Георгійовича про захист честі, гідності і ділової репутації, спростування недостовірної інформації, стягнення моральної шкоди, -

**В С Т А Н О В И В:**

В провадженні Печерського районного суду м. Києва знаходиться вказана вище цивільна справа.

Разом із позовною заявою представником позивача заявлено клопотання про витребування доказів, а саме:

- від хостинг – провайдера веб-сайту https://www.ord-ua.com/ CloudFlare, Inc. (101 Townsend Street, San Francisco, CA 94107, US) дані про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайту https://www.ord-ua.com/ на спеціалізованому веб-сервері та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://www.ord-ua.com/ в Інтернеті, зокрема прізвище, ім'я, місце реєстрації та проживання, телефон, e-mail (щодо фізичної особи) або найменування юридичної особи, код ЄДРПОУ, її місцезнаходження, телефон, e-mail (щодо юридичної особи);

Обґрунтовуючи необхідність витребування доказів, представник позивача посилається на те, що з метою визначення власника веб-сайту https://www.ord-ua.com/ ним була скерована заява до Дочірнього підприємства «Центр компетенції адресного простору мережі Інтернет» Консорціуму «Український центр підтримки номерів і адрес». У відповідь на вказану заяву надано довідку з відомостями про власника веб-сайту або інформацію про його встановлення №134/2021-ЗВ від 15.04.2021, в якій зазначено, що ідентифікатори, які розміщені на веб-сайті https://www.ord-ua.com/, не дозволяють зробити висновки, що хто є власником веб-сайту. Крім того, зазначено, що доменне ім'я ord-ua.com зареєстровано в публічному домені COM, що не належить до українського сегменту мережі інтернет, а також те, що реєстратор хостинг-провайдер є іноземними суб'єктами. Відомості про хостинг-провайдера - CloudFlare, Inc (101 Townsend, San Francisco, CA 94107, United States). З метою отримання вказаної інформації представником позивача був правлений адвокатський запит від 07.05.2021 №06-21 на електронну та юридичну адреси CloudFlare, Inc., та на 02.09.2021 Позивачем відповіді не отримано. Посилаючись на складності у самостійному витребуванні доказів, просить суд вжити відповідних заходів шляхом постановлення ухвали.

Дослідивши матеріали справи, суд вважає обґрунтованим заявлене у справі клопотання та наявні підстави для його задоволення з наступних підстав.

У відповідності дост.76 ЦПК України доказами є будь-які дані, на підставі яких суд встановлює наявність або відсутність обставин (фактів), що обґрунтовують вимоги і

заперечення учасників справи, та інших обставин, які мають значення для вирішення справи.

Способами забезпечення судом доказів є допит свідків, призначення експертизи, витребування та (або) огляд доказів, у тому числі за їх місцезнаходженням, заборона вчиняти певні дії щодо доказів та зобов'язання вчинити певні дії щодо доказів. У необхідних випадках судом можуть бути застосовані інші способи забезпечення доказів, визначені судом.

За нормою ч. 1 ст. 81 ЦПК України кожна сторона повинна довести ті обставини, на які вона посилається як на підставу своїх вимог або заперечень, крім випадків, встановлених цим Кодексом.

Положеннями ст.84 ЦПК України передбачено, що учасник справи, у разі неможливості самостійно надати докази, вправі подати клопотання про витребування доказів судом.

Згідно ч.1, 2 ст. 498 ЦПК України у разі якщо в процесі розгляду справи суду необхідно вручити документи, отримати докази, провести окремі процесуальні дії на території іншої держави, суд України може звернутися з відповідним судовим дорученням до іноземного суду або іншого компетентного органу іноземної держави (далі - іноземний суд) у порядку, встановленому цим Кодексом або міжнародним договором, згода на обов`язковість якого надана Верховною Радою України.

Взаємовідносини між Україною та США щодо отримання доказів врегульовано Гаазькою конвенцією про отримання за кордоном доказів у цивільних або комерційних справах від 18.03.1970 року.

Згідно зі ст.1 цієї Конвенції, у цивільних або комерційних справах судовий орган Договірної Держави може відповідно до положень законодавства цієї Держави шляхом надіслання судового доручення звернутися до компетентного органу другої Договірної Держави з проханням отримати докази або провести інші процесуальні дії.

Відповідно до інформації, яка міститься на офіційному сайті Гаазької конференції щодо приватного міжнародного права https://www.hcch.net/en/home центральним органом, створеним державою для відповідної конвенції у Сполучених Штатах Америки є United States of America - Central Authority (Art. 2) and practical information інформація з контактними даними міститься за посиланням https://www.hcch.net/en/states/authorities/ details3/?aid=528

З цих підстав суд приходить до висновку про обгрунтованість вимог про витребування доказів та вважає за необхідне вказане клопотання задовольнити і звернутись до компетентного органу США з судовим дорученням про отримання вказаних доказів.

Відповідно до п.8 ч.1 ст.252 ЦПК України, суд може за заявою учасника справи, а також з власної ініціативи зупинити провадження у справі, зокрема у випадку звернення із судовим дорученням про надання правової допомоги, вручення виклику до суду чи інших документів до іноземного суду або іншого компетентного органу іноземної держави.

Враховуючи вказані положення процесуального закону, суд вважає за доцільне зупинити провадження в даній справі до надходження відповіді від компетентного органу іноземної держави на судове доручення про надання правової допомоги.

Керуючись ст. ст. 84, 260, 352 ЦПК України, суд,

## УХВАЛИВ:

Направити судове доручення до
**Office of International Judicial Assistance**
**U.S. Department of Justice**
**1100 L Street, NW, Room 8102**
**Washington, D.C. 20005**
**United States of America**
про отримання доказів у справі за позовом Кардакова Олександра Юрійовича до Корсун Костянтина Георгійовича про захист честі, гідності і ділової репутації, спростування

3

недостовірної інформації, стягнення моральної шкоди, а саме:

- від хостинг – провайдера веб-сайту https://www.ord-ua.com/ CloudFlare, Inc. (101 Townsend Street, San Francisco, CA 94107, US) дані про отримувача послуг хостингу щодо розміщення програмного забезпечення веб-сайту https://www.ord-ua.com/ на спеціалізованому веб-сервері та забезпечення доступу до нього з мережі Інтернет, та про власника облікового запису, який використовується для розміщення веб-сайту https://www.ord-ua.com/ в Інтернеті, зокрема прізвище, ім'я, місце реєстрації та проживання, телефон, e-mail (щодо фізичної особи) або найменування юридичної особи, код ЄДРПОУ, її місцезнаходження, телефон, e-mail (щодо юридичної особи);

Копію ухвали направити для відома всім учасникам справи.

Апеляційна скарга на ухвалу суду подається протягом п'ятнадцяти днів з дня її проголошення до Київського апеляційного суду через Печерський районний суд м. Киева.

Суддя                                                                                      Волкова С.Я.



| **Apostille** |||
|---|---|---|
| **Апостиль** |||
| **(Convention de La Haye du 5 octobre 1961** |||
| **Гаазька Конвенція від 5 жовтня 1961 року)** |||
| 1. Країна: | Україна ||
| Цей офіційний документ |||
| 2. підписаний | Волкова С.Я. ||
| 3. у якості | судді ||
| 4. містить проставлену печатку / штамп | Печерського районного суду м.Києва ||
| Підтверджено |||
| 5. в | м. Києві | 6. дата | 29.09.2021 |
| 7. ким | завідувачем сектору Міністерства юстиції України Даценко Д.А. ||
| 8. за № | 2860263 ||
| 9. Печатка / штамп || 10. Підпис |
| Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України || |

Проставлено електронно-цифровий підпис (печатку) Міністерства юстиції України.
Проставлено електронно-цифровий підпис посадової особи Міністерства юстиції України
та містить візуальне зображення зразка підпису цієї особи.

Для перевірки видачі апостилю, див. www.apostille.minjust.gov.ua

Electronically and digitally signed (stamped) by the Ministry of Justice of Ukraine.
Electronically and digitally signed by the official of the Ministry of Justice of Ukraine and
accompanied by the image of his/her signature

To verify the issuance of this Apostille, see www.apostille.minjust.gov.ua

Signé (timbré) en version numérique et digitale par le Ministère de la Justice de l'Ukraine.
Signé en version numérique et digitale par le fonctionnaire du Ministère de la Justice de l'Ukraine
et accompagné de l'image de sa signature.

Cette Apostille peut être vérifiée à l'adresse suivante: www.apostille.minjust.gov.ua



EXHIBIT 2

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Northern District of California

|  |  |
|---|---|
| In re: Request for Judicial Assistance From Pecherskyi District Court in Kyiv, Ukraine, in the Matter of Oleksandr Yuriiovych Kardakov v. Kostiantyn Heorhiiovych Korsun | ) ) ) ) ) ) |

Civil Action No.   3:22-cv-80076

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Cloudflare, Inc., 101 Townsend Street, San Francisco, CA 94107, abuse+law@cloudflare.com

*(Name of person to whom this subpoena is directed)*

✔ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment 1.

| Place: United States Attorney's Office for the Northern District of California, Attn: Shiwon Choe, 450 Golden Gate Avenue, 9th Floor, San Francisco, CA 94102-3495 | Date and Time: |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  _____

*CLERK OF COURT*

OR

_____     _____
*Signature of Clerk or Deputy Clerk*                     *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
United States of America _____ , who issues or requests this subpoena, are:

Shiwon Choe, 450 Golden Gate Avenue, 9th Floor, San Francisco, CA 94102, shiwon.choe@usdoj.gov, 415-436-6967

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 3:22-cv-80076

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❏  I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $      0.00      .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**Attachment 1 – Requests for Production**

1.  Documents sufficient to show the data on the registrant of domain name ord-ua.com, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular:

    last name, first name, place of registration and residence, telephone, and e-mail if the registrant/ owner is an individual, or

    name of a legal entity, USREOU [Unified State Register of Enterprises and Organizations of Ukraine] code, its location, telephone, and e-mail if the registrant/owner is a legal entity.

2.  Documents sufficient to show the data on the recipient of hosting services for placing the software of the website https://www.ord-ua.com/ on the specialized web server and ensuring access thereto on the Internet, and on the owner of the account used for placing the website https://www.ord-ua.com on the Internet, in particular,

    last name, first name, place of registration and residence, telephone, and e-mail (for an individual) or

    name of a legal entity, USREOU [Unified State Register of Enterprises and Organizations of Ukraine] code, its location, telephone, and e-mail (for a legal entity).

EXHIBIT 3

## Choe, Shiwon (USACAN)

| | |
|---|---|
| **From:** | Choe, Shiwon (USACAN) <SChoe@usa.doj.gov> |
| **Sent:** | Thursday, March 10, 2022 8:46 AM |
| **To:** | abuse+law@cloudflare.com |
| **Subject:** | Request for International Judicial Assistance re Cloudflare, Inc. |
| **Attachments:** | 2022-03-10 Letter of Request to Cloudflare, Inc..pdf; Enclosure 1 - Ukrainian Court Letter of Request.pdf; Enclosure 2 - Execution Affidavit.pdf |

Dear Sir/Madam,

The Office of International Judicial Assistance ("OIJA") within the U.S. Department of Justice Civil Division serves as the U.S. Central Authority for the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").  Pursuant to the Hague Evidence Convention, OIJA received a Letter of Request seeking evidence in a civil matter pending in Ukraine.  The Ukrainian court has requested we obtain information from Cloudflare, Inc. ("Cloudflare") regarding the registrant and/or owner of a specified domain name.

I am hopeful that Cloudflare will provide this information called for in the attached letter of request.  Please confirm receipt of these documents and, if applicable, Cloudflare's intention to provide the information voluntarily, by contacting me as soon as possible at (415) 436-6967 or at shiwon.choe@usdoj.gov.  Please do not hesitate to contact me anytime if you have any questions.

Very truly yours,
Shiwon Choe


Shiwon Choe
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
T: (415) 436-6967
F: (415) 436-6748
E: shiwon.choe@usdoj.gov



**United States Department of Justice**

*United States Attorney*
*Northern District of California*

---

*9ᵗʰ Floor, Federal Building*          *Phone  (415) 436-6967*
*450 Golden Gate Ave., Box 36055*        *Facsimile  (415) 436-6748*
*San Francisco, CA 94102-3495*        *Email  shiwon.choe@usdoj.gov*

March 10. 2022

<u>BY EMAIL</u>

Cloudflare, Inc.
101 Townsend Street
San Francisco, CA 94107
abuse+law@cloudflare.com
Attn:  Legal Department

Re:     Request for International Judicial Assistance from the Pecherskyi District Court
        of Kyiv, Ukraine, in *Oleksandr Yuriiovych Kardakov v. Kostiantyn <u>Heorhiiovych</u>*
        *<u>Korsun</u>,* Ref. No. 12-64-22, DJ Reference Number 189-287-22-2

Dear Sir/Madam:

        The Office of International Judicial Assistance ("OIJA") within the U.S. Department of
Justice Civil Division serves as the U.S. Central Authority for the Hague Convention on the
Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Evidence Convention").
*See* 28 C.F.R. § 0.49.  Pursuant to the Hague Evidence Convention, OIJA received a Letter of
Request ("Request") seeking evidence in a civil matter pending in the Pecherskyi District Court
of Kyiv, Ukraine ("Ukrainian Court").  The Request was then transmitted to the U.S. Attorney's
Office for the Northern District of California for execution in accordance with 28 C.F.R.
§ 0.49(c).

        In its Request, the Ukrainian Court requested that we obtain evidence in the form of
documents from Cloudflare, Inc. ("Cloudflare") that that identify the customer information for
the registrant and/or owner of a specified domain name.

        As you will see from the enclosed documents, the Ukrainian Court has requested data on
the registrant of the domain name ord-ua.com and the owner of the account used for placing the
website https://www.ord-ua.com on the internet, including the full name(s), address(es),
telephone number(s), email address(es), and USREOU [Unified State Register of Enterprises and
Organizations of Ukraine] code(s) of the registrant and account owner.

I am hopeful Cloudflare will provide this information voluntarily by completing the enclosed form, titled "Execution Affidavit of Letter of Request," which sets forth the request for information as worded in the Request.  After completing the affidavit, please sign the last page before a notary public and return it to me, preferably by email and FedEx at shiwon.choe@usdoj.gov and the address below, by March 31, 2022:

> Shiwon Choe
> 450 Golden Gate Avenue
> Ninth Floor, Box 36055
> San Francisco, CA 94102

I anticipate that the information that is the subject of this Request may be provided with little inconvenience to Cloudflare.  Please note, however, that if Cloudflare is unwilling to comply voluntarily, this Office may request that the U.S. District Court for the Northern District of California compel Cloudflare to provide the information, subject to its right to assert any applicable testimonial privileges.  *See* 28 U.S.C. § 1782.

Please confirm receipt of these documents and, if applicable, Cloudflare's intention to provide the information voluntarily, by contacting me as soon as possible at (415) 436-6967 or at shiwon.choe@usdoj.gov.  Please do not hesitate to contact me anytime if you have any questions.

Thank you in advance for your cooperation and assistance in this matter.


Very truly yours,

STEPHANIE M. HINDS
United States Attorney

By:     *s/Shiwon Choe*_____
SHIWON CHOE
Assistant United States Attorney


Enclosures:
    (1) Letter of Request
    (2) Execution Affidavit of Letter of Request

EXHIBIT 4

## Choe, Shiwon (USACAN)

**From:**          Cloudflare Trust & Safety <abuse+law@cloudflare.com>
**Sent:**          Friday, March 11, 2022 3:03 PM
**To:**            Choe, Shiwon (USACAN)
**Subject:**       [EXTERNAL] Report updated: (#9749192) Request for International Judicial Assistance re Cloudflare, Inc.

##- Please type your reply above this line -##

Hello shiwon.choe@usdoj.gov,

Your report (#9749192) has been replied to. Note -- When responding please make sure to keep #9749192 in the subject line.

---

## Justin (Cloudflare Trust & Safety)

Mar 11, 2022, 3:03 PM PST

In accordance with our Privacy Policy and Terms of Service, non-public information about Cloudflare customers is not released except as lawfully required by appropriate legal process, such as a subpoena, court order, or other valid legal process. It is our policy to notify users of any actions taken on their accounts in response to requests made by third parties -- including requests to preserve or produce documents or information -- unless we are prohibited from doing so by statute or court order.

Cloudflare is a U.S. company that stores customer data inside the United States, and we must comply with U.S. law restricting the provisioning of user data to third parties, including law enforcement entities from countries outside the United States. Before responding to direct requests from non-U.S law enforcement, Cloudflare will carefully assess such requests for consistency with relevant laws and internal policies, a process that may delay our response. Cloudflare will respond promptly to requests from non U.S. law enforcement agencies for user information that are issued via U.S. court either by way of a mutual legal assistance treaty or a letter rogatory, when properly served.

Cloudflare is an Internet infrastructure company offering security and performance services through a network of more than 200 locations around the world that sit between website hosting providers and Internet users. From this position, Cloudflare offers network service solutions, including a reverse proxy, pass-through security service, and a content distribution network (CDN).

In other words, Cloudflare provides security and performance enhancements for websites around the world by positioning its infrastructure in front of those websites and as a result Cloudflare's nameservers may appear in the WHOIS and Cloudflare's IP addresses may appear in the DNS records for websites using our services.

Cloudflare is not a hosting provider, does not organize or alter content, and does not have the ability to remove content hosted by others

Finally, by responding to your request, Cloudflare does not waive any objections, including the lack of jurisdiction or proper service.

For more information on the kind of services we provide and to answer any further questions you may have, please contact –

Cloudflare's Trust and Safety Director of Outreach, Richard Leaning – rleaning@cloudflare.com.

This email is a service from Cloudflare Trust & Safety. Delivered by **Zendesk**

EXHIBIT 5

## Choe, Shiwon (USACAN)

| | |
|---|---|
| **From:** | Choe, Shiwon (USACAN) |
| **Sent:** | Monday, March 14, 2022 3:33 PM |
| **To:** | Cloudflare Trust & Safety; rleaning@cloudflare.com |
| **Subject:** | RE: [EXTERNAL] Report updated: (#9749192) Request for International Judicial Assistance re Cloudflare, Inc. |
| **Attachments:** | 2022-03-10 Letter of Request to Cloudflare, Inc..pdf; Enclosure 1 - Ukrainian Court Letter of Request.pdf; Enclosure 2 - Execution Affidavit.pdf |

Dear Mr. Leaning and Cloudflare:

Thank you for your response to our letter request dated March 10, 2022, which is reattached here (along with its enclosures) for convenience.  Before we pursue a subpoena for the requested information, is Cloudflare able to confirm whether it has or does not have the requested information (information on the registrant and/or owner of the domain name ord-ua.com)?  It was unclear from your response that "Cloudflare is not a hosting provider," and that "Cloudflare provides security and performance enhancements for websites around the world by positioning its infrastructure in front of those websites," whether Cloudflare does or does not have information on the registrant and/or owner of the domain name ord-ua.com.  (If Cloudflare is able to attest that it does not have this information, that might obviate the need for a subpoena.)

If Cloudflare is unable to confirm whether it does or does not have the requested information without a subpoena, can you please confirm to whose attention and address we should direct a subpoena, and whether Cloudflare will accept service of a subpoena via email?

Best regards,
Shiwon


Shiwon Choe
Assistant United States Attorney
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102
T: (415) 436-6967
F: (415) 436-6748
E: shiwon.choe@usdoj.gov

---

**From:** Cloudflare Trust & Safety <abuse+law@cloudflare.com>
**Sent:** Friday, March 11, 2022 3:03 PM
**To:** Choe, Shiwon (USACAN) <SChoe@usa.doj.gov>
**Subject:** [EXTERNAL] Report updated: (#9749192) Request for International Judicial Assistance re Cloudflare, Inc.

##- Please type your reply above this line -##

Hello shiwon.choe@usdoj.gov,

Your report (#9749192) has been replied to. Note -- When responding please make sure to keep #9749192 in the subject line.

---

**Justin** (Cloudflare Trust & Safety)

Mar 11, 2022, 3:03 PM PST

In accordance with our Privacy Policy and Terms of Service, non-public information about Cloudflare customers is not released except as lawfully required by appropriate legal process, such as a subpoena, court order, or other valid legal process. It is our policy to notify users of any actions taken on their accounts in response to requests made by third parties -- including requests to preserve or produce documents or information -- unless we are prohibited from doing so by statute or court order.

Cloudflare is a U.S. company that stores customer data inside the United States, and we must comply with U.S. law restricting the provisioning of user data to third parties, including law enforcement entities from countries outside the United States. Before responding to direct requests from non-U.S law enforcement, Cloudflare will carefully assess such requests for consistency with relevant laws and internal policies, a process that may delay our response. Cloudflare will respond promptly to requests from non U.S. law enforcement agencies for user information that are issued via U.S. court either by way of a mutual legal assistance treaty or a letter rogatory, when properly served.

Cloudflare is an Internet infrastructure company offering security and performance services through a network of more than 200 locations around the world that sit between website hosting providers and Internet users. From this position, Cloudflare offers network service solutions, including a reverse proxy, pass-through security service, and a content distribution network (CDN).

In other words, Cloudflare provides security and performance enhancements for websites around the world by positioning its infrastructure in front of those websites and as a result Cloudflare's nameservers may appear in the WHOIS and Cloudflare's IP addresses may appear in the DNS records for websites using our services.

Cloudflare is not a hosting provider, does not organize or alter content, and does not have the ability to remove content hosted by others

Finally, by responding to your request, Cloudflare does not waive any objections, including the lack of jurisdiction or proper service.

For more information on the kind of services we provide and to answer any further questions you may have, please contact –

Cloudflare's Trust and Safety Director of Outreach, Richard Leaning – rleaning@cloudflare.com.

This email is a service from Cloudflare Trust & Safety. Delivered by <u>Zendesk</u>

EXHIBIT 6

## Choe, Shiwon (USACAN)

| | |
|---|---|
| **From:** | Cloudflare Trust & Safety <abuse+law@cloudflare.com> |
| **Sent:** | Monday, March 14, 2022 7:55 PM |
| **To:** | Choe, Shiwon (USACAN) |
| **Subject:** | [EXTERNAL] Report updated: (#9749192) Request for International Judicial Assistance re Cloudflare, Inc. |

##- Please type your reply above this line -##

Hello shiwon.choe@usdoj.gov,

Your report (#9749192) has been replied to. Note -- When responding please make sure to keep #9749192 in the subject line.

---

## Justin (Cloudflare Trust & Safety)

Mar 14, 2022, 7:55 PM PDT

Hello,

Cloudflare would subscriber information about the website owner.

Email of service to abuse+law@cloudflare.com is acceptable to us.

Please note, we do provide notice prior to production of information unless we have a non disclosure order.

---

This email is a service from Cloudflare Trust & Safety. Delivered by Zendesk